IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GREGORY O. GREEN and
RHONDA GREEN,

    Plaintiffs,

v.

HSBC MORTGAGE SERVICES,

    Defendant.

CIVIL ACTION NO.
1:13-CV-02891-RWS

**ORDER**

This case comes before the Court on Defendant HSBC Mortgage Services, Inc.'s Motion to Dismiss [3]. After reviewing the record, the Court enters the following Order.

**Background**

The subject of this action is real property located at 8796 East Bourne Drive, Jonesboro, Georgia 30238 ("Property"). Plaintiffs' claims in this action arise from a residential mortgage loan obtained from The Lending Group, Inc. ("LGI"), HSBC Mortgage Services, Inc.'s ("HSBC") predecessor in interest. On or about October 20, 2006, Plaintiffs Gregory and Rhonda Green obtained a

loan from LGI in the amount of $123,000.00 (the "Loan").[1] Plaintiffs signed a Note in favor of LGI and executed a Security Deed in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for LGI and its successors and assigns wherein Plaintiffs granted MERS a security interest in the Property to secure their indebtedness under the Note. Plaintiffs assert that there was no valid assignment transferring the Security Deed to HSBC.[2] (Compl., Dkt. [1-5], at 5.)  Nevertheless, Plaintiffs allege that HSBC initiated foreclosure proceedings.  (Id.)

Plaintiffs initiated this action in Clayton County Superior Court seeking 1) a declaration that the Security Deed is null and void and 2) an order quieting

---

[1]Before obtaining this Loan, Plaintiffs obtained another mortgage loan from Secured Funding Corp. ("SFC Loan"), a different predecessor in interest of HSBC. (Def.'s Mem. in Supp. of Mot. to Dismiss [3-1] at 4.) The SFC Loan was subsequently transferred and assigned to HSBC, and on November 20, 2006, HSBC recorded a Discharge of Deed to Secure Debt, cancelling the SFC Security Deed after Plaintiffs paid the SFC Loan in full. (Dkt. [3-5].) In the Complaint, Plaintiffs apparently confuse the SFC Loan and the LGI Loan. (See Compl., Dkt. [1-3] at 1-2 (specifying the date of the SFC Loan but listing the principal amount of the LGI Loan).) Because the SFC Loan was discharged, the Court presumes Plaintiffs' allegations relate to the LGI Loan and related Security Deed.

[2]According to Defendant, its records do not show that it has initiated foreclosure proceedings against Plaintiff or that MERS has recorded an assignment of the Security Deed to HSBC. (Def.'s Mem. in Supp. of Mot. to Dismiss, [3-1] at 7.) Nevertheless, for the purposes of HSBC's Motion to Dismiss, Plaintiffs' pleaded facts are accepted as true. Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999).

2

title in their favor. (Dkt. [1-5].) Asserting diversity jurisdiction, Defendant removed to this Court on August 19, 2013, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (Dkt. [1-6].) Defendant filed its Motion to Dismiss on September 5, 2013. (Dkt. [3].)

## Discussion

### I.   Legal Standard for Motion to Dismiss

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard does not require "detailed factual allegations," however, mere labels and conclusions or "a formulaic recitation of the elements of a cause of action will not do." Aschcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. V. Twombly, 550 U.S. 544, 555 (2007)). In order to withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. Id.

"At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most

3

favorable to the plaintiff." Bryant, 187 F.3d at 1273 n.1 (11th Cir. 1999). However, the same does not apply to legal conclusions set forth in the complaint. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Iqbal, 556 U.S. at 678). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Furthermore, the court does not "accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555.

"The district court generally must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint." D.L. Day v. Taylor, 400 F.3d 1272, 1275-76 (11th Cir. 2005); see also Fed. R. Civ. P. 12(d). However, documents attached to a complaint are considered part of the complaint. Fed. R. Civ. P. 10(c). Documents "need not be physically attached to a pleading to be incorporated by reference into it; if the document's contents are alleged in a complaint and no party questions those contents, [the court] may consider such a document," provided it is central to the plaintiffs' claim. D.L. Day, 400 F.3d at 1276. At the motion to dismiss phase, the Court may also consider "a document attached to a motion to dismiss . . . if the attached document is (1) central to the plaintiff's claim and (2) undisputed." Id.

4

(citing Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002)). "Undisputed" means that the authenticity of the document is not challenged. Id.

Finally, because Plaintiff is acting *pro se*, his "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." Thomas v. Pentagon Fed. Credit Union, 393 Fed. App'x 635, 637 (11th Cir. 2010). Therefore, even though this motion is unopposed due to Plaintiff's failure to file a response, see LR 7.1(B), NDGa ("Failure to file a response shall indicate that there is no opposition to the motion."), given Plaintiff's *pro se* status and the Court's preference for resolving cases on the merits, the Court considers the allegations of the Complaint and reviews Defendant's motion on the merits.

## II. Analysis

Plaintiffs allege that HSBC has no enforceable security interest in the Property and yet "enforced an improper Notice Of Sale Under Power claiming that the Security Deed executed by [Plaintiffs] to HSBC Mortgage Services" had been assigned to it, thus granting HSBC power of sale. (Compl., Dkt. [1-1] at 4.) Plaintiff states that HSBC has no enforceable security interest for two

5

primary reasons: 1) there was no assignment to HSBC, and 2) HSBC is not a secured creditor.

> A. <u>Plaintiffs' Challenge to the Assignment of the Note and Security Deed</u>

Plaintiffs' first theory that is that the assignment of the Security Deed to HSBC was invalid. (<u>Id.</u>) Defendant argues that, as a threshold matter, Plaintiffs lack standing to challenge the assignment. (Memo in Support of Motion to Dismiss, Dkt. [3-1] at 7-8.) The Court agrees.

A person who is not a party to a contract or an intended third-party beneficiary of a contract lacks standing to challenge or enforce the contract. <u>See</u> O.C.G.A. § 9-2-20(a); <u>Montgomery v. Bank of Am.</u>, 740 S.E.2d 434, 438 (Ga. Ct. App. 2013) (finding that plaintiff could not support claim for wrongful foreclosure by challenging assignment of security deed, even if that assignment was somehow flawed, because she was not a party to the contract and lacked standing to challenge the assignment). Here, plaintiffs were not a party to the assignment, nor were they an intended third-party beneficiary of it. Because Plaintiffs lack standing to challenge the assignment of the Security Deed, Plaintiffs cannot show that the Security Deed is null and void on this basis.

6

B.     Plaintiffs' Secured Creditor Argument

Plaintiffs also claim that HSBC does not hold an interest in the Property and is not authorized to foreclose because HSBC is not a secured creditor with power of sale. (Compl., Dkt. [1-5] at 4.) Plaintiffs' argument appears to be twofold: 1) HSBC is not the secured creditor because it was not assigned both the note and security deed; and 2) HSBC is not the secured creditor because it was not properly identified as such pursuant to O.C.G.A. § 44-14-162.2, which requires a secured creditor to notify a debtor of the initiation of foreclosure proceedings no later than 30 days before the proposed foreclosure sale. (Id.)

First, under Georgia law, "the holder of a deed is authorized to exercise the power of sale in accordance with the terms of the deed even if it does not also hold the note." You v. JP Morgan Chase Bank, N.A., 743 S.E.2d 428, 433 (Ga. 2013). Here, to the extent any assignment has occurred, the fact that HSBC does not hold the Note along with the Security Deed does not preclude it from exercising its power of sale contained in the Security Deed.

Second, Georgia law does not require that a notice of foreclosure to expressly identify the foreclosing party as a "secured creditor." Id. at 433-34 n.7. Rather, the foreclosure notice need only identify the "individual or entity who shall have full authority to negotiate, amend, and modify all terms of the

7

mortgage with the debtor." Id. at 433-34. Here, Plaintiffs only assert in their Complaint that HSBC must show its "identity as a Secured Creditor." (Compl., Dkt. [1-5].) Plaintiffs have not alleged that HSBC failed to identify the entity with full authority to negotiate, amend, and modify all terms of the Loan.

Thus, to the extent Plaintiffs assert a wrongful foreclosure claim based on either a faulty assignment, HSBC's failure to hold both the Note and the Security Deed, or HSBC's failure to identify itself as a secured creditor, the claim fails as a matter of law. Accordingly, Plaintiffs are not entitled to a declaratory judgment declaring the Security Deed null and void.

C.    Quiet Title

Plaintiffs also seek to quiet title in their favor pursuant to O.C.G.A.§§ 23-3-60, et seq. (Compl., Dkt. [1-5] at 4). O.C.G.A. § 23-3-62 provides the procedural requirements for asserting a quiet title action in Georgia.  According to the statute, a complaint seeking to quiet title must include, among other things: a statement as to the petitioner's particular interest in the property and whether that interest is based upon a written instrument or adverse possession, or both, and a plat survey of the property. O.C.G.A. § 23-3-62(b), (c).

Here, Plaintiffs' Complaint states that Plaintiffs remain "in full possession of the property." (Compl., Dkt. [1-5] at 2.) However, the Complaint

8

does not state what the Plaintiffs' particular interest in the Property is, nor what that interest is based upon. Additionally, no plat of survey of the Property is attached to Plaintiffs' Complaint. Because plaintiffs have failed to meet the procedural requirements laid out in O.C.G.A. § 23-3-62, their quiet title claim is due to be dismissed.

### D. Plaintiffs' Claims for Injunctive Relief/Punitive Damages

Plaintiffs are not entitled to injunctive relief. In order to obtain an injunction, Plaintiffs must show that they have suffered irreparable harm for which HSBC is liable. See Peter Letterese & Assoc. v. World Inst. Of Scientology Enters., 533 F.3d 1287, 1323 (11th Cir. 2008) (quoting eBay, Inc. v. MercExchange, LLC, 547 U.S. 388, 391 (2006)). Since Plaintiffs have failed to state a claim against HSBC under their improper assignment and secured creditor theories, they have not met this requirement.

Plaintiffs similarly are not entitled to punitive damages. Under Georgia law, the award of punitive damages, absent any finding of liability and actual damages, is improper. See Parker v. Scrap Metal Processors, Inc., 386 F.3d 993, 1019 n.34 (11th Cir. 2004). Having failed to state a claim upon which relief can be granted, Plaintiffs are not entitled to punitive damages and thus Defendant's Motion to Dismiss [3] is hereby **GRANTED**.

9

## Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss [3] is **GRANTED**.  The Clerk shall close the case.

**SO ORDERED**, this   21st   day of January, 2014.


*[signature: Richard W. Story]*

**RICHARD W. STORY**
United States District Judge